1

2

3

4 IN THE CIRCUIT COURT OF THE STATE OF OREGON

5 FOR THE COUNTY OF MULTNOMAH

6 U.S. BANCORP, | Case No. 22CV38719

7     Plaintiff, | **SUMMONS**

8 v.

9 EMCOR FACILITIES SERVICES, INC. and
CONTINENTAL CASUALTY COMPANY

10 dba CNA INSURANCE COMPANIES,

11     Defenants.

12 TO:   Continental Casualty Company dba CNA Insurance Companies
       c/o CT Corporation

13        780 Commercial St. SE, Ste. 100
       Salem, OR 97301

14

15     IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and
defend the complaint filed against you in the above civil action within thirty (30) days from the

16 date of service of this Summons upon you, and you are notified in case of failure to do so, the
plaintiff will apply to the Court for the relief demanded in the Complaint.

17           **NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!**

18     You must "appear" in this case or the other side will win automatically. To "appear" you
must file with the Court a legal paper called a "motion" or "answer." The " motion" or "answer"

19 must be given to the Court clerk or administrator within thirty (30) days along with the required
filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

20 plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions,
you should see an attorney immediately. If you need help in finding an attorney, you may call the

21 Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800)
452-7636.

22

//// 

23

//// 

24

//// 

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

Page 1 – **SUMMONS**

1    DATED: November 16, 2022    SBH LEGAL

2

3    /s/ Rebecca A. Watkins
Rebecca A. Watkins, OSB No. 044445
Email: rwatkins@sbhlegal.com

4    1200 SW Main Street
Portland, OR 97205

5    Tel: (503) 225-5858
Fax: (503) 721-9272

6

Attorney of record for Plaintiff

7

STATE OF OREGON)

8             ss)
County of Multnomah)

9

10    I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons in the above-entitled action.

11                     SBH LEGAL

12

13    /s/ Rebecca A. Watkins
Rebecca A. Watkins, OSB No. 044445
Email: rwatkins@sbhlegal.com

14    1200 SW Main Street
Portland, OR 97205

15    Tel: (503) 225-5858
Fax: (503) 721-9272

16

Attorney of record for Plaintiff

17

18    TO THE OFFICER OR OTHER PERSON SERVICE THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint

19    mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate

20    similar document which you shall attach hereto.

21    /s/ Rebecca A. Watkins
Rebecca A. Watkins, OSB No. 044445

22    Attorney of record for Plaintiff

23

24

Page 2 – **SUMMONS**

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272
**Notice of Removal - Exhibit A**
Page 2 of 21

11/11/2022 1:57 PM
22CV38719

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| U.S. BANCORP,<br><br>               Plaintiff,<br><br>vs.<br><br>EMCOR FACILITIES SERVICES, INC. dba , and CONTINENTAL CASUALTY COMPANY dba CNA INSURANCE COMPANIES,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>**(Claim not subject to mandatory arbitration)**<br><br>**Fee Authority: ORS 21.135**<br><br>**Jury Trial Demanded** |

Plaintiff U.S. Bancorp alleges as follows:

1.

Plaintiff brings this complaint to enforce the contract between the parties and seeks

relief in the form of a declaration that defendants have a contractual duty to defend and

indemnify U.S. Bancorp in *Laprelle Curtis v. US Bancorp et al*, Multnomah County Case No.

22CV15950 (hereinafter, "the Lawsuit").

2.

This court has jurisdiction to declare the rights and status of the parties pursuant to ORS

28.010 and ORS 20.030. Venue is appropriate in Multnomah County because the Lawsuit was

Page 1 – COMPLAINT FOR DECLARATORY ACTION

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

1    filed in Multnomah County and alleges negligent services by EMCOR performed on behalf of

2    plaintiff in Multnomah County.

3                                                    3.

4         U.S. Bancorp is a foreign business corporation with a principal place of business in

5    Minneapolis, Minnesota that is authorized to and does conduct regularly-sustained business in

6    Multnomah County, Oregon including operating a bank branch at 305 NE 181st Avenue in

7    Multnomah County.

8                                                    4.

9         Emcor Facility Services, Inc. (hereinafter, "EMCOR") is a foreign business corporation

10   with a principal place of business in Cincinnati, Ohio that is authorized to and does conduct

11   regularly sustained business in Multnomah County, Oregon.

12                                                   5.

13        At all times relevant, Continental Casualty Company dba CNA Insurance Companies

14   (hereinafter, "CNA") was a foreign corporation registered and authorized to conduct business

15   in the State of Oregon and maintained offices in Multnomah County. During the relevant time

16   period, CNA provided general liability insurance for EMCOR under policy number GL

17   6081316313.

18                                                   6.

19        At all times relevant, a Master Service Agreement existed between US Bancorp and

20   EMCOR whereby EMCOR provided services at US Bank locations including a bank branch at

21   305 NE 181st Avenue.

22                                                   7.

23        Under the Master Service Agreement, the statement of work provided by EMCOR

24   included services for "plumbing systems" including "relief valves and backflow preventers."

Page 2 – COMPLAINT FOR DECLARATORY
ACTION

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272
Notice of Removal - Exhibit A
Page 4 of 21

8.

Under Section 11 of the Master Service Agreement, EMCOR agreed:

Supplier will defend, indemnify and hold harmless U.S. Bank and its Affiliates. and the employees, officers, and directors of U.S. Bank and its Affiliates (each an "Indemnified Party") against all costs and expenses of the Indemnified Party (including reasonable attorneys' fees) arising in connection with a third party claim or demand against the indemnified Party and all direct damages of the Indemnified Party arising from or in connection with (1) the negligent acts, omissions, or willful misconduct of Supplier or Supplier's Personnel, (2) the breach by Supplier or Supplier's Personnel of any obligations or warranties under this Agreement, (3) Supplier's or Supplier's Personnel's violation of any applicable law, statute or regulation, (4) Supplier's or Supplier's Personnel's violation of any third party's trade secrets, proprietary information, trademark, copyright, or patent rights in connection with the performance of this Agreement, or (5) any death, bodily injury or property damage caused or incurred by Supplier or Supplier's Personnel. Supplier may, at its option, conduct the defense in any third party action arising under this Section and U.S. Bank promises to cooperate with such defense, provided Supplier reasonably consults with U.S. Bank on any settlement. Notwithstanding the foregoing, U.S. Bank may, at its own expense, assist in such defense if it so chooses, provided that Supplier will control such defense and all negotiations relative to the settlement of any such claim.

9.

On or about May 13, 2022, Laprell Curtis filed the Lawsuit against plaintiff in Multnomah County Circuit Court for injuries alleged to have occurred when falling into an open underground vault for a backflow prevention device. The Lawsuit is ongoing. A true copy of the Complaint is attached as Exhibit 1.

10.

On or about June 3, 2022, plaintiff tendered the Lawsuit to EMCOR and CNA for defense.

11.

EMCOR refused to accept tender. On or around August 2, 2022, CNA also refused to defend plaintiff. As a result, plaintiff has and will continue to incur defense costs in the Lawsuit, anticipated to be over $100,000.

Page 3 – COMPLAINT FOR DECLARATORY ACTION

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

**CLAIM FOR RELIEF**

**(Declaratory Relief)**

12.

Plaintiff re-alleges the facts set forth in the previous paragraphs and incorporates them herein by reference.

13.

The Master Service Agreement requires EMCOR to defend plaintiff for claims by third parties arising out of negligent acts or omissions by EMCOR's personnel, which encompasses any subcontractors utilized by EMCOR. The Master Service Agreement further requires EMCOR to defend plaintiff against claims by third parties based on violation of applicable law, statute or regulation.

14.

The Lawsuit alleges claims against plaintiff that include one or more covered acts of negligence, misconduct or violations of regulations by EMCOR and/or its personnel. As such, the Lawsuit gives rise to EMCOR's duty to defend, indemnify and hold plaintiff harmless in the Lawsuit.

15.

Plaintiff is entitled to a declaration that EMCOR and CNA have a duty to defend plaintiff in the Lawsuit. Declaratory relief would have a practical effect on plaintiff's rights because it would cause defendants to provide the defense owed under the contract.

16.

Plaintiff seeks specific performance of the duty to defend, with equitable compensation for attorney fees and defense expenditures incurred to date.

///

Page 4 – COMPLAINT FOR DECLARATORY ACTION

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR  97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

17.

Under Section 14D of the Master Service Agreement, in any dispute regarding the agreement, the prevailing party can recover attorney fees and costs. Plaintiff seeks an award of its reasonable attorney fees and costs incurred in this action as outlined in the Master Service Agreement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief:

1. A declaration that EMCOR and CNA have a duty to defend plaintiff in the Lawsuit and must reimburse plaintiff for all costs of defense incurred to date in the Lawsuit;

2. For specific performance of the duty to defend;

3. A finding that plaintiff is the prevailing party;

4. An award in favor of plaintiff of reasonable attorney fees, costs, disbursements and expenses incurred in bringing this action; and

5. Any other relief that the court deems just and equitable.

DATED:  November 11, 2022

SBH LEGAL

Rebecca A. Watkins, OSB No. 044445
Email: rwatkins@sbhlegal.com
Tel.: (503) 225-5858
Fax: (503) 721-9272

Of Attorneys for Plaintiff

Page 5 – COMPLAINT FOR DECLARATORY ACTION

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR 97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

**CERTIFICATE OF FILING**

1

2      I hereby certify that on November 11, 2022, I e-filed the foregoing COMPLAINT

3 through Odyssey File and Serve on the following:

4      Multnomah County Circuit Court
       1200 SW 1st Avenue
5      Portland, OR  97204

6

7                          Rebecca Watkins, OSB No. 044445
                           rwatkins@sbhlegal.com
8                          Tel.: (503) 595-2134
                           Fax: (503) 721-9272
9                          Attorneys for US Bancorp

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CERTIFICATE OF FILING

SBH LEGAL
1200 SW MAIN STREET
PORTLAND, OR  97205-2040
PHONE: 503.225.5858 • FAX: 503.721.9272

**Notice of Removal - Exhibit A**
**Page 8 of 21**

5/13/2022 3:52 PM
22CV15950

1

2

3

4             IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR MULTNOMAH COUNTY

6

| | |
|---|---|
| 7   LAPRELLE CURTIS, | )   Case No.: |
| | ) |
| 8                 Plaintiff, | )   COMPLAINT AND DEMAND FOR JURY |
|        vs. | )   TRIAL |
| 9 | ) |
| | )   (Negligence/Negligence *Per Se*) |
| 10  U.S. BANCORP, NMJ PACIFIC, LLC, and | ) |
|    EMCOR FACILITIES SERVICES, INC., | )   (NOT Subject to Mandatory Arbitration) |
| 11 | ) |
|              Defendants. | )   Total prayer: $460,550 |
| 12 | )   Filing fee $594 per ORS 21.160(1)(c) |
| | ) |

13

14       For his complaint against Defendant U.S. BANCORP ("Defendant US Bank"),

15 Defendant NMJ PACIFIC, LLC ("Defendant NMJ"), and Defendant EMCOR FACILITIES

16 SERVICES, INC. ("Defendant EMCOR"), Plaintiff LAPRELLE CURTIS ("Plaintiff") alleges:

17                                    1.

18       At all material times, Defendant US Bank is a duly organized foreign business

19 corporation with a principal place of business in Minneapolis, Minnesota, authorized to do

20 business and conducting regularly sustained business in Multnomah County, Oregon.

21                                      2.

22       At all material times, Defendant NMJ is a duly organized domestic limited liability

23 company with a principal place of business in Beaverton, Oregon, authorized to do business and

24 conducting regularly sustained business in Multnomah County, Oregon.

25   ///

26   ///

Page - 1   COMPLAINT AND DEMAND FOR JURY
                TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

EXHIBIT 1

Notice of Removal - Exhibit A
Page 9 of 21

1            3.

2   At all material times, Defendant EMCOR is a duly organized foreign business

3 corporation with a principal place of business in Cincinnati, Ohio, authorized to do business and

4 conducting regularly sustained business in Multnomah County, Oregon.

5            4.

6   The incident that is the subject of this action occurred in Multnomah County, Oregon.

7            5.

8   At all material times, Defendant NMJ owned the property located at 305 NE 181st

9 Avenue, Gresham, Oregon 97230 ("the Premises").

10           6.

11   At all material times, Defendant US Bank occupied the Premises and did business by

12 operating a U.S. Bank branch on the Premises.

13           7.

14   At all material times, as owners and operators of the Premises, Defendant NMJ and

15 Defendant US Bank were responsible for maintaining and repairing the sidewalks, backflow

16 prevention devices, and underground vaults abutting or immediately adjacent to the Premises.

17           8.

18   At all material times, Defendant EMCOR was contracted by Defendant US Bank to

19 manage, maintain, and/or repair the Premises, including a backflow prevention device and

20 underground vault located under the sidewalk on the east side of the building. On information

21 and belief, Defendant EMCOR was an agent or apparent agent of Defendant US Bank.

22 Therefore, Defendant US Bank is vicariously liable for Defendant EMCOR's negligence.

23           9.

24   On information and belief, Defendant EMCOR was authorized by Defendant US Bank to

25 subcontract its services to other vendors.

26

Page - 2  COMPLAINT AND DEMAND FOR JURY
    TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1                                                10.

2          On information and belief, all subcontractors hired by Defendant EMCOR to perform

3    services at the Premises were agents or apparent agents of Defendant EMCOR. Therefore,

4    Defendant EMCOR is vicariously liable for its subcontractors' negligence.

5                                                11.

6          At all material times, Plaintiff was a "person with a disability" as defined by ORS

7    174.107 due to visual impairments Plaintiff suffered as a result of sarcoidosis.

8                                                12.

9          At all material times, Plaintiff was a business invitee of Defendant US Bank.

10                                               13.

11         On or about April 2, 2021, at approximately 6:45 a.m., Plaintiff was walking northbound

12   on the west sidewalk of NE 181st Avenue near the intersection of NE Everett Street. Plaintiff

13   intended to use Defendant US Bank's ATM on the Premises. Unbeknownst to Plaintiff, the

14   underground vault for the backflow prevention device at the Premises had been left open

15   overnight, leaving a gaping hole in the sidewalk bordering the east side of the Premises. On

16   information and belief, the hole in the sidewalk was approximately eight feet deep. As Plaintiff

17   walked, he fell into the hole and was injured as set forth below.

18   ///

19   ///

20   ///

21

22

23

24

25

26

Page - 3  COMPLAINT AND DEMAND FOR JURY
          TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR  97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1

14.

2    The following photograph shows the condition of the sidewalk and underground vault on

3  April 2, 2021:

4



5

6

7

8

9

10

11

12

13

14

15

16

17                          15.

18    As a result of Defendants' negligence/negligence *per se*, Plaintiff fell into a hole in the

19  sidewalk at the Premises and sustained a laceration to his right leg that required 18 stitches,

20  permanent scarring and nerve damage to his right leg, post-traumatic stress disorder, headaches,

21  and injuries to his chest, ribs, right leg, and back. All of these injuries are either new injuries or

22  aggravations of previously existing conditions. These injuries have caused and will continue to

23  cause Plaintiff pain and suffering and impairment to his normal and usual activities, all to his

24  non-economic damages in an amount up to $450,000. Plaintiff reserves the right to amend this

25  paragraph at the time of trial.

26

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

16.

As a further result of Defendants' negligence/negligence *per se*, Plaintiff had to undergo medical treatment for his injuries. As a result of such treatment, he incurred expenses for past medical treatment in the approximate amount of $10,550, the exact amount to be proven at trial. Plaintiff reserves the right to amend this paragraph at the time of trial.

17.

Plaintiff intends to amend the Complaint at a future date, and with the Court's permission, to add claims for punitive damages under ORS 31.725 against Defendants, and each of them.

**FIRST CLAIM FOR RELIEF**

**(Negligence/Negligence *Per Se* – Defendant US Bank)**

18.

Plaintiff re-alleges all paragraphs above.

19.

The incident in question, and Plaintiff's resulting personal injuries, were caused or contributed to by the negligence/negligence *per se* of Defendant US Bank in one or more of the following particulars:

1.  In causing the underground vault to be left open overnight, which created the unsafe condition in the sidewalk;

2.  In failing to keep the condition of the sidewalk adequately safe and in good repair;

3.  In failing to adequately warn of the condition of the sidewalk;

4.  In failing to place physical barriers or barricades to prevent pedestrians from falling into the hole in the sidewalk;

5.  In failing to adequately inspect the condition of the sidewalk;

6.  In failing to provide an alternate path for pedestrians using the sidewalk while work was being performed;

Page - 5  COMPLAINT AND DEMAND FOR JURY
TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR  97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

7.    In hiring incompetent, unqualified, and unskilled employees and/or contractors to perform work on the backflow prevention device and underground vault;

8.    In failing to properly train and/or instruct employees and/or contractors to warn of hazards and to not leave underground vaults open overnight;

9.    In failing to adequately supervise and monitor employees and/or contractors performing work on backflow prevention devices and underground vaults;

10.   In failing to establish an adequate safety program to prevent underground vaults from being left open overnight;

11.   In failing to establish adequate policies and/or adequately enforce policies for employees and/or contractors performing work on backflow prevention devices and underground vaults, including policies for warning of hazards and not leaving underground vaults open overnight; and,

12.   In failing to keep the sidewalk free of cracks, holes, and unevenness that impedes or creates a hazard for users in violation of Gresham Revised Code 7.15.040(5), which is intended to protect pedestrians such as Plaintiff from the kind of harm that happened to him.

20.

Plaintiff was within the class of persons foreseeably put at unreasonable risk by Defendant US Bank's described acts and omissions. Defendant US Bank knew or should have known that each of the acts or omissions described below foreseeably would put others on or near public rights of way at risk, that such acts or omissions would predictably lead to repeated incidents of serious injury, and that such injuries were preventable in the exercise of reasonable care:

1.    If the underground vault was left open overnight, creating an unsafe condition in the sidewalk;

2.    If the condition of the sidewalk was not kept adequately safe and in good repair;

Page - 6 COMPLAINT AND DEMAND FOR JURY
TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1    3.    If adequate warnings were not given about the condition of the sidewalk;

2    4.    If physical barriers or barricades were not placed to prevent pedestrians from

3    falling into the hole in the sidewalk;

4    5.    If the condition of the sidewalk was not adequately inspected;

5    6.    If an alternate path was not provided for pedestrians using the sidewalk while

6    work was being performed;

7    7.    If incompetent, unqualified, and unskilled employees and/or contractors were

8    hired to perform work on backflow prevention devices and underground vaults;

9    8.    If employees and/or contractors were not properly trained and/or instructed to

10    warn of hazards and to not leave underground vaults open overnight;

11    9.    If employees and/or contractors performing work on backflow prevention devices

12    and underground vaults were not adequately supervised and monitored;

13    10.    If an adequate safety program to prevent underground vaults from being left open

14    overnight was not established;

15    11.    If adequate policies for employees and/or contractors performing work on

16    backflow prevention devices and underground vaults were not established and/or

17    enforced, including policies for warning of hazards and not leaving underground

18    vaults open overnight; and,

19    12.    If sidewalks were not kept free of cracks, holes, and unevenness that impedes or

20    creates hazards for users in violation of Gresham Revised Code 7.15.040(5),

21    which is intended to protect pedestrians such as Plaintiff from the kind of harm

22    that happened to him.

23                    **SECOND CLAIM FOR RELIEF**

24                (Negligence/Negligence *Per Se* – Defendant NMJ)

25                                21.

26    Plaintiff re-alleges all paragraphs above.

Page - 7  COMPLAINT AND DEMAND FOR JURY
          TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1                                                    22.

2          The incident in question, and Plaintiff's resulting personal injuries, were caused or

3   contributed to by the negligence/negligence *per se* of Defendant NMJ in one or more of the

4   following particulars:

5       1.      In causing the underground vault to be left open overnight, which created the

6               unsafe condition in the sidewalk;

7       2.      In failing to keep the condition of the sidewalk adequately safe and in good repair;

8       3.      In failing to adequately warn of the condition of the sidewalk;

9       4.      In failing to place physical barriers or barricades to prevent pedestrians from

10              falling into the hole in the sidewalk;

11      5.      In failing to adequately inspect the condition of the sidewalk;

12      6.      In failing to provide an alternate path for pedestrians using the sidewalk while

13              work was being performed;

14      7.      In hiring incompetent, unqualified, and unskilled employees and/or contractors to

15              perform work on the backflow prevention device and underground vault;

16      8.      In failing to properly train and/or instruct employees and/or contractors to warn of

17              hazards and to not leave underground vaults open overnight;

18      9.      In failing to adequately supervise and monitor employees and/or contractors

19              performing work on backflow prevention devices and underground vaults;

20      10.     In failing to establish an adequate safety program to prevent underground vaults

21              from being left open overnight;

22      11.     In failing to establish adequate policies and/or adequately enforce policies for

23              employees and/or contractors performing work on backflow prevention devices

24              and underground vaults, including policies for warning of hazards and not leaving

25              underground vaults open overnight; and,

26

Page - 8  COMPLAINT AND DEMAND FOR JURY
          TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR  97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

12.     In failing to keep the sidewalk free of cracks, holes, and unevenness that impedes or creates a hazard for users in violation of Gresham Revised Code 7.15.040(5), which is intended to protect pedestrians such as Plaintiff from the kind of harm that happened to him.

23.

Plaintiff was within the class of persons foreseeably put at unreasonable risk by Defendant NMJ's described acts and omissions. Defendant NMJ knew or should have known that each of the acts or omissions described below foreseeably would put others on or near public rights of way at risk, that such acts or omissions would predictably lead to repeated incidents of serious injury, and that such injuries were preventable in the exercise of reasonable care:

1.     If the underground vault was left open overnight, creating an unsafe condition in the sidewalk;

2.     If the condition of the sidewalk was not kept adequately safe and in good repair;

3.     If adequate warnings were not given about the condition of the sidewalk;

4.     If physical barriers or barricades were not placed to prevent pedestrians from falling into the hole in the sidewalk;

5.     If the condition of the sidewalk was not adequately inspected;

6.     If an alternate path was not provided for pedestrians using the sidewalk while work was being performed;

7.     If incompetent, unqualified, and unskilled employees and/or contractors were hired to perform work on backflow prevention devices and underground vaults;

8.     If employees and/or contractors were not properly trained and/or instructed to warn of hazards and to not leave underground vaults open overnight;

9.     If employees and/or contractors performing work on backflow prevention devices and underground vaults were not adequately supervised and monitored;

Page - 9   COMPLAINT AND DEMAND FOR JURY
        TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1     10.    If an adequate safety program to prevent underground vaults from being left open

2            overnight was not established;

3     11.    If adequate policies for employees and/or contractors performing work on

4            backflow prevention devices and underground vaults were not established and/or

5            enforced, including policies for warning of hazards and not leaving underground

6            vaults open overnight; and,

7     12.    If sidewalks were not kept free of cracks, holes, and unevenness that impedes or

8            creates hazards for users in violation of Gresham Revised Code 7.15.040(5),

9            which is intended to protect pedestrians such as Plaintiff from the kind of harm

10           that happened to him.

11                  **THIRD CLAIM FOR RELIEF**

12             **(Negligence/Negligence *Per Se* – Defendant EMCOR)**

13                       24.

14    Plaintiff re-alleges all paragraphs above.

15                       25.

16    The incident in question, and Plaintiff's resulting personal injuries, were caused or

17  contributed to by the negligence/negligence *per se* of Defendant EMCOR in one or more of the

18  following particulars:

19     1.    In causing the underground vault to be left open overnight, which created the

20            unsafe condition in the sidewalk;

21     2.    In failing to keep the condition of the sidewalk adequately safe and in good repair;

22     3.    In failing to adequately warn of the condition of the sidewalk;

23     4.    In failing to place physical barriers or barricades to prevent pedestrians from

24            falling into the hole in the sidewalk;

25     5.    In failing to adequately inspect the condition of the sidewalk;

26

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1    6.   In failing to provide an alternate path for pedestrians using the sidewalk while
2         work was being performed;

3    7.   In hiring incompetent, unqualified, and unskilled employees and/or subcontractors
4         to perform work on the backflow prevention device and underground vault;

5    8.   In failing to properly train and/or instruct employees and/or subcontractors to
6         warn of hazards and to not leave underground vaults open overnight;

7    9.   In failing to adequately supervise and monitor employees and/or subcontractors
8         performing work on backflow prevention devices and underground vaults;

9    10.  In failing to establish an adequate safety program to prevent underground vaults
10        from being left open overnight;

11   11.  In failing to establish adequate policies and/or adequately enforce policies for
12        employees and/or subcontractors performing work on backflow prevention
13        devices and underground vaults, including policies for warning of hazards and not
14        leaving underground vaults open overnight; and,

15   12.  In failing to keep the sidewalk free of cracks, holes, and unevenness that impedes
16        or creates a hazard for users in violation of Gresham Revised Code 7.15.040(5),
17        which is intended to protect pedestrians such as Plaintiff from the kind of harm
18        that happened to him.

19                                        26.

20        Plaintiff was within the class of persons foreseeably put at unreasonable risk by

21   Defendant EMCOR's described acts and omissions. Defendant EMCOR knew or should have

22   known that each of the acts or omissions described below foreseeably would put others on or

23   near public rights of way at risk, that such acts or omissions would predictably lead to repeated

24   incidents of serious injury, and that such injuries were preventable in the exercise of reasonable

25   care:

26

Page - 11  COMPLAINT AND DEMAND FOR JURY
           TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1.    If the underground vault was left open overnight, creating an unsafe condition in the sidewalk;

2.    If the condition of the sidewalk was not kept adequately safe and in good repair;

3.    If adequate warnings were not given about the condition of the sidewalk;

4.    If physical barriers or barricades were not placed to prevent pedestrians from falling into the hole in the sidewalk;

5.    If the condition of the sidewalk was not adequately inspected;

6.    If an alternate path was not provided for pedestrians using the sidewalk while work was being performed;

7.    If incompetent, unqualified, and unskilled employees and/or subcontractors were hired to perform work on backflow prevention devices and underground vaults;

8.    If employees and/or subcontractors were not properly trained and/or instructed to warn of hazards and to not leave underground vaults open overnight;

9.    If employees and/or subcontractors performing work on backflow prevention devices and underground vaults were not adequately supervised and monitored;

10.   If an adequate safety program to prevent underground vaults from being left open overnight was not established;

11.   If adequate policies for employees and/or subcontractors performing work on backflow prevention devices and underground vaults were not established and/or enforced, including policies for warning of hazards and not leaving underground vaults open overnight; and,

12.   If sidewalks were not kept free of cracks, holes, and unevenness that impedes or creates hazards for users in violation of Gresham Revised Code 7.15.040(5), which is intended to protect pedestrians such as Plaintiff from the kind of harm that happened to him.

Page - 12  COMPLAINT AND DEMAND FOR JURY
TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com

1          **PRAYER**

2          WHEREFORE, Plaintiff prays for a judgment against Defendants, and each of them:

3          (1)    In an amount up to $450,000 for his non-economic damages;

4          (2)    In the amount of $10,550 for his economic damages; and,

5          (3)    For his costs and disbursements herein.

6                                                          Dated this 13th day of May, 2022.

7                                                          **Levin and Levine, LLP**

8                                                          /s/ Scott Levin
                                                           Scott Levin, OSB No. 077088
9                                                          Of Attorneys for Plaintiff

10    PLAINTIFF HEREBY DEMANDS
      A TRIAL BY JURY
11

12    /s/ Scott Levin
      Scott Levin

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page - 13  COMPLAINT AND DEMAND FOR JURY
           TRIAL

Levin and Levine, LLP
516 SE Morrison, Suite 650
Portland, OR 97214
Tel: (503) 946-8708
Fax: (503) 719-6979
scott@levinandlevine.com